United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30417
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OYAH M. SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CR-30006-1
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Oyah M. Smith appeals the district court's denial of his motion to suppress drug evidence discovered during a search of his vehicle pursuant to a traffic stop. Smith contends that the district court erred in three ways: (1) it did not hold the Government to a sufficiently high burden of proof when it accepted Officer Crowder's testimony about checking the Malibu's license plates, (2) it credited Office Crowder's testimony about the license plate checks, and (3) it found reasonable suspicion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for the stop based on the erroneous license plate information Officer Crowder received.

The district court's fact findings, including its credibility findings, are reviewed for clear error and its legal conclusions de novo. United States v. Lopez- Moreno, 420 F.3d 420, 429 (5th Cir. 2005), cert. denied, 126 S. Ct. 1449 (2006); United States v. Roberson, 6 F.3d 1088, 1092 (5th Cir. 1993).

"The decision to stop an automobile is reasonable [under the Fourth Amendment] where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810(1996).

At the hearing on the motion to suppress, Officer Dwayne Crowder testified that he observed a Chevrolet Malibu speeding. Before he could pace the vehicle or confirm its speed by radar, the Malibu turned into a driveway. The officer then called in the license plate and was told by the dispatcher that the plate should be displayed on a Ford Escort. The officer reconfirmed the plate information and then initiated a traffic stop. At the motion hearing, Smith presented evidence that, in fact, the Malibu had displayed the correct license plate. There was no evidence that Officer Crowder's testimony was not truthful or that Officer Crowder had reason to question what he was told by the police dispatcher.

Given the evidence presented during the suppression hearing, the district court did not clearly err in crediting Officer

Crowder's testimony regarding checking and reconfirming the license plate information. <u>Roberson</u>, 6 F.3d at 1092. Based upon that information, Officer Crowder had a reasonable suspicion based on articulable facts justifying the initial stop of the vehicle. <u>United States v. Garcia</u>, 942 F.2d 873, 876-77 (5th Cir. 1991); <u>United States v. DeLeon-Reyna</u>, 930 F.2d 396, 399 (5th Cir. 1991). Accordingly, the judgment of the district court is AFFIRMED.